### James J. Dorsey v. The State.

1. In the trial of a criminal cause, the jury are to determine from all the evidence, as well that adduced by the accused as that adduced by the State, whether there is such reasonable doubt of the defendant's guilt as to entitle him to an acquittal under the provisions of our Code (Paschal's Digest, article 3105); and it is error to so instruct the jury as to preclude them from considering any part of the defendant's evidence which is pertinent to the inquiry.

2. The State was permitted, nothwithstanding objections duly interposed, to prove, on a trial for murder, that a friendly intimacy existed between the accused and a sister of the deceased. *Held*, that such evidence was irrelevant, and was erroneously allowed.

3. If a defendant, on trial for murder, proves threats against his own life, made by the deceased, it is competent for him to also prove that the deceased was a man of violent or dangerous character, and such a person as might reasonably be expected to execute his threats.

APPEAL from Van Zandt.    Tried below before the Hon. John G. Scott.

The homicide was committed in Van Zandt county on the twenty-seventh of May, 1870.    The defendant, Dorsey, and the deceased, Holt, appear to have been friends and frequent companions previous to the homicide.

No particular provocation of either party by the other is disclosed in the evidence, which, on the whole, leaves a strong impression that most material facts in the case were not divulged at the trial.

The killing occurred at the residence of the defendant and about the middle of the day.    The only persons present, besides the defendant and the deceased, were the wife of the former, and his son, a lad of about fifteen.    Their version was that defendant was engaged in rolling a barrel of flour from a wagon to his house when the deceased rode up, with a pistol in his hand, and made a demonstration or effort to shoot the defendant, who asked him what he meant, and ran for his shot gun, and with it shot and killed the deceased.

On the same day, and shortly before the rencounter, the defendant and the deceased started together from the house of the former to go to Prarieville.    Having proceeded half a mile or so, they met the defendant's son who informed his father that his mother said there was neither flour nor meal for dinner; and it seems that thereupon defendant returned home with his son, and they hitched a yoke of oxen to a wagon and proceeded to the neighboring house of Mrs. Miller, to get defendant's part of a barrel of flour, which he and Mrs. Miller had bought in partnership a day or two previous.    Defendant's son remained with the oxen, in the road, while defendant and Mrs. Miller, at the residence of the latter, went into the smoke house to divide the flour.    While thus engaged, according to the defendant's statements, introduced by the State, the deceased came to the house and lay down on the

bed, and Mrs. Miller, who was deceased's sister, went into the house to pacify him; but wherefore he was incensed is not shown. From Mrs. Miller's, the defendant and his son returned with the flour to his home, when the homicide ensued, as already stated.

The witnesses for the State were allowed, over objections by the defense, to prove a very friendly intercourse between the defendant and Mrs. Miller; and bills of exception were duly reserved by the defense, to this evidence, and also to proof of defendant's lack of means and property, his indolent habits, etc.

The wife of the deceased testified that on the day previous to the killing, the deceased came to defendant's house, and swore he intended to kill the defendant; and that she informed her husband of these threats. Evidence that the deceased was a violent and dangerous man, and one likely to execute his threats, was offered by the defense, but excluded by the court on objection of the State; and exception to its exclusion was duly reserved.

The opinion of the court recites such portions of the charge to the jury as are held to be erroneous. Considering that the charge covers twelve pages of the transcript, it escapes very well.

The verdict wss manslaughter, with two years in the penitentiary.

*Robertson & Herndon* and *Hays & White*, for the appellant.—The charge involves a question of whether the defendant must take the *onus probandi*, and prove himself innocent, or must the government prove him guilty.

"In an ordinary issue before the jury, when the defendant sets up in defense no distinct and independent fact, but contends that upon the facts and circumstances as proved by the evidence on both sides, constituting the transaction charged as criminal, he is not guilty, the burden of proof is on the government to satisfy the jury that its whole case is made out." (Wharton's Am. Cr. Law, § 707.)

" And the principle may be broadly stated, that when the defendant relies on no separate, distinct and independent fact, but confines his defense to the original transaction on which the charge is founded, with its accompanying circumstances, the burden of proof continues throughout with the prosecution." (Id.)

In the case of Commonwealth v. McKie (1 Gray, 61,) which is quoted at length in Wharton's Am. Cr. Law, 707, will be found a full exposition of the principle above.

The court below fell into the error made in the charge by the well settled principle, that if the defendant sets up an independent, separate and distinct fact in his defense, he must prove it by a preponderance of evidence. In case of the plea of lunacy, the defendant must prove it. And in case where the retail of liquor without license is prohibited, if the defendant relies on having a license, he must prove it; the *onus* is on him. But where the defense is a part of, and grows out of the very transaction itself, the State must show from all the facts and circumstances, that the act was unjustifiable and unlawful. (See note K., Wharton's Am. Cr. Law, § 707.)

The charge of the court took from the jury the right to give the defendant the benefit of any reasonable doubt as to his guilt, on the whole case developed by all the facts. The court told the jury in substance that when the State made out the case, and the defendant came in with his defense, he must prove his defense by a preponderance of evidence. In other words, if the defendant showed enough evidence to make it doubtful in the minds of the jury, whether he killed Holt in self-defense or not, that is not sufficient, but the defendant must go further, and establish his defense by a preponderance of evidence.

The court charged in substance that the doubts referred to in the law had reference to the act of killing.

If every constituent of murder was proven up to the moment of killing, and the defendant killed his assailant in self-defense,

he is justified under the law; and if under the facts the jury have doubts about the sufficiency of proof establishing the defense, those very doubts are sufficient to authorize an acquittal.

In this case there is no shadow of suspicion over the defendant, by withholding evidence peculiarly in his power. All the witnesses to the killing are in court. His confession is introduced, and he shows self-defense. His wife is a witness, and she shows self-defense, and previous threats by the deceased, saying he would kill the defendant; and the son of the defendant also proves clearly a case of self-defense. These witnesses and defendant's confessions are all the evidence directly against the defendant. In fact, there was no other testimony in the case tending to prove or disprove the guilt of the defendant; and yet all these witnesses prove a clear case of *se defendendo*. Now, the jury ought to have been allowed to consider all the facts proven, all the circumstances in evidence; and then, if there was any doubts as to the guilt of the defendant, let him have the benefit of them. The charge of the court excluded him from the benefit of all doubts, and required him to establish his plea of self defense by a preponderance of testimony. This is not the law in Texas, or elsewhere in civilized governments. The presumption of innocence shields and protects the citizen until he is proven guilty beyond a reasonable doubt. (Wharton, § 709.)

All the proof there was in the case showed a case of unquestionable self-defense, if the jury believed the witnesses. If they did not believe the witnesses, then there was no evidence in the case for or against the defendant. If the jury believed all the witnesses said as to the killing, and doubted the truth of the plea of self-defense, the defendant was entitled to the benefit of the doubt.

The charge of the court deprived the defendant of the benefit of any doubts growing out of the defense, but required a preponderance of proof to show his innocence.

In this case we think there is no middle ground. The defen-

XXXIV—41

dant is either guilty of murder or he is guilty of excusable homicide.

If he is guilty of murder there is no evidence to show it. If the evidence is to be believed, he is guilty of excusable homicide.

*Wm. Alexander*, Attorney General, for the State.—It is submitted that there is no error in the charge of the judge, so far as relates to self-defense. A prisoner, who bases his defense on the ground that he struck the fatal blow to save himself from death, or great bodily injury, admits, in so doing, that he has committed the technical crime of murder in the second degree; insisting, only, that the homicide thus committed is permitted by law for the defense of his life. The possibility of doubt is therefore removed by his own act; he has assumed the affirmative. It rests on him to make good his plea; and that which he has undertaken he will be required to perform. The law, on the subject of reasonable doubt, may well be presented to the jury, while the question is, whether the defendant committed the act charged or not; but, when he virtually admits the charge, it has no longer standing room; and it does, in the language of the charge, become "incumbent upon the defendant to prove the truth of such defense by a preponderance of evidence." Moreover, there was no need, there could have been no use, to charge the jury on the subject of reasonable doubt, when the evidence, as in this case, if believed, is full and conclusive to the point.

Besides, if the judge was wrong, it was an error that could not have affected the verdict, for the same reason, that if the evidence was believed there could have been no doubt; if the evidence was disbelieved, there was equally no room for doubt.

There was evidence, amounting to full proof (the defendant's own declaration), that he killed the deceased; and if the case stopped there, the verdict of the jury is well sustained. There was proof tending to establish the plea of self-defense—the declara-

tions of defendant, and the evidence of his wife and son. It is plain that for some reason the jury discredited that evidence. Will this court, by reversing the judgment, say they had legally no right to do so?

Walker, J.—In this case the appellant Dorsey was indicted at the fall term, 1870, of the District Court of Van Zandt county, for the murder of Thomas Holt. The cause was tried at the same term, and a verdict found against defendant for manslaughter.

Defendant moved for a new trial, and also in arrest of judgment, which motions were overruled by the court, and exceptions to the ruling filed by defendant.

Upon the trial, the district attorney offered evidence in relation to money transactions between Mrs. Samantha Miller, a sister of deceased, and other persons, and to prove that the accused had been upon terms of friendly intimacy with Mrs. Miller, and had counseled and assisted her in these transactions; that he was often seen in company with her, etc ; that accused was poor, and had said that he could not pay a physician's bill; that in 1869 he was assessed upon the rolls of Van Zandt county at only a poll tax, etc. This testimony was all objected to, the objections overruled, and exceptions taken by defendant's counsel.

The judge, in his charge to the jury, uses the following language:

" Nor can Dorsey justify himself on the ground that Holt had previously made use of threats tending to indicate a purpose to take the life of defendant, when those threats had been communicated to him, unless Holt was then and there doing some act showing an intention then and there to execute the threat so made; and if the evidence establishes, to the satisfaction of the jury beyond a reasonable doubt, the fact that Dorsey killed Holt, on or about the twenty-seventh day of May, 1370, in the county of Van Zandt, with a calm, sedate and settled purpose and deter-

mination then and there to take the life of him, the said Holt, and the defendant Dorsey seeks to justify such deliberate killing on the ground that the act was done in defense of his own life, and upon the further justification of threats against his life made by Holt, then the defendant is not entitled to the benefit of reasonable doubts which may arise from the evidence adduced in the support of his plea of justification, and cannot demand that the State negative his plea of justification beyond a reasonable doubt."

There is manifest error in this portion of the judge's charge. It strongly tended to mislead the jury. The law is incorrectly stated. The statute (Paschal's Digest, article 3105,) provides that " A defendant in a criminal case is presumed to be innocent until his guilt is established by legal evidence, and in case of reasonable doubt as to his guilt, he is entitled to be acquitted;" it is for the jury to determine from all the evidence in the case, as well that given by the defendant as that given by the State, whether, from the whole evidence, there is such reasonable doubt as to the defendant's guilt as will entitle him to an acquittal under this provision of the law.

The court erred in permitting the State to prove by several witnesses, certain acts and circumstances, tending to show an intimacy between the defendant and Mrs. Miller, the sister of the deceased. This evidence was irrelevant; it fell far short of proving a criminal intimacy, and if this even could have been proved, it would not have justified the deceased in attempting the life of the accused.

And there is also error by the court in refusing to let the evidence of the general character of the deceased go to the jury. The rule governing this kind of evidence is fixed by the statute. (Article 2270, Paschal's Digest.) The judgment of the district court is reversed, and the cause remanded.

Reversed and remanded.